UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § | |
| v. | | CAUSE NO. 5:25-cr-00388-XR |
| JAIME ALBERTO QUINTANILLA-CHAVEZ | | |

**DEFENDANT'S MOTION TO DISMISS FOR INABILITY TO PROVE CHARGE**

TO THE HONORABLE XAVIER RODRIGUEZ, U.S. DISTRICT JUDGE:

This motion asks the Court to dismiss the charge against Defendant Jaime Quintanilla-Chavez because—even assuming the truth of the government's factual allegations—the government cannot prove the charge at trial. The Defense asks the Court to hear this motion and the constitutional-violation motion to suppress and dismiss (filed contemporaneously) in one consolidated evidentiary hearing.

**Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." If a pretrial motion presents a question of law in a case involving undisputed facts, Rule 12 authorizes the court to rule on the motion. *United States v. Flores*, 404 F.3d 320, 325 (5th Cir. 2005); *see* Fed. R. Crim. P. 12(d) (permitting the court to rule on a motion involving factual issues provided the court states its essential findings on the record). Otherwise, the court would waste

resources by allowing a case to proceed to trial and later dismissing it based on the same legal argument and facts presented through a pretrial motion. *See Flores*, 404 F.3d at 325. Federal Rule of Criminal Procedure 12(b)(3)(B)(v) specifically allows pretrial challenges to counts that "fail[] to state an offense." In ruling on such a challenge, the Court may assume the truth of the government's allegations. *See United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011); *see also United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt.").

**Argument**

The government has stated to the Court that the only basis for the assault prosecution is the fact the truck moved forward, resulting in a cut to Agent Carl's arm. *See* Bond Appeal Tr. at 10-11.[1] But the indictment fails to state an offense because, even assuming the truth of the government's factual allegations, the government cannot prove the charge beyond a reasonable doubt.

**i) <u>Carl caused his own injury.</u>** The government cannot prove the charge for at least three reasons. The first is that the government cannot prove that Carl's injury was inflicted by Jaime as opposed to Carl himself—just as the Court has already stated on the record. *See* Bond Appeal Tr. at 10-11. The government has charged Jaime with the most serious type of assault under the statute, for inflicting bodily injury under 18 U.S.C. § 111(a)(1) & (b). As relevant here, this statute states that

---

[1] To avoid needless repetition, Jaime relies on the statement of facts in his motion to suppress and dismiss for violations of the Fourth and Fifth Amendments.

whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" a federal officer engaged in official duties, § 111(a)(1), and "inflicts bodily injury" upon that officer, § 111(b), shall be guilty of the most serious felony under the statute. *See United States v. Hernandez-Hernandez*, 817 F.3d 207, 213 (5th Cir. 2016).[2] Further, the base § 111(a) offense applies only when one "*forcibly* assaults, resists, opposes, impedes, intimidates, or interferes with" a federal officer (emphasis added). And the word "forcibly" modifies each verb in the list, not just "assaults," i.e. one must *forcibly* assault or *forcibly* resist, etc. *United States v. Hazlewood*, 526 F.3d 862, 865 (5th Cir. 2008).

Especially key here, the force applied must be the *defendant's* force, not the *officer's* force. *See United States v. Williams*, 602 F.3d 313, 317-18 (5th Cir. 2010) (adopting Sixth Circuit construal of statute and noting favorably the Sixth Circuit's point that the statute requires the defendant's forcible initiation of the felony-triggering element, not the officer's initiation). If, as indicated by *Williams*, the defendant must forcibly inflict the officer's injury rather than the injury resulting from the officer's action, then the government cannot prove the charge.

---

[2] The statute creates three crimes. The first is a misdemeanor, which courts commonly call "simple assault," since that's the phrase the statute uses. *United States v. Hernandez-Hernandez*, 817 F.3d 207, 212–13 (5th Cir. 2016). Such "simple assault" would be a "attempted or threatened battery"—i.e., without physical contact. *United States v. Williams*, 602 F.3d 313, 316 (5th Cir. 2010). The less serious felony occurs either (1) when there is a completed battery, i.e., when there is "any physical contact," or (2) when the act is committed with the intent to do another felony. *Hernandez-Hernandez*, 817 F.3d at 212–13. The more serious felony—charged here—occurs when, "in the commission of any [of the prohibited] acts," the defendant "uses a deadly or dangerous weapon . . . or inflicts bodily injury." § 111(b); *Hernandez-Hernandez*, 817 F.3d at 213.

The government has indicated to the Court that it is only charging infliction of bodily injury upon Carl, not use of a deadly or dangerous weapon. *See* Bond Appeal Tr. at 10-11.

3

Put more directly by looking at the word "*inflicts*" in § 111(b), the government's case fails because Carl "inflict[ed]" his own injury. Reading § 111(b)'s "*inflicts* bodily injury" language, most circuit courts to decide the issue hold that the word "inflicts" requires more than mere but-for causation or proximate causation. *See United States v. Zabawa*, 719 F.3d 555, 559-61 (6th Cir. 2013) (Kethledge, J.). Normally, causation requires but-for cause (where, but for the act, the result would not have occurred) and proximate cause (which requires that the result be reasonably foreseeable). *See, e.g., United States v. Mathew*, 916 F.3d 510, 519 (5th Cir. 2019) (explaining standards in restitution context). Yet of the cases to reach the issue (which appears to be undecided in the Fifth Circuit), most circuits impose a heightened requirement for what counts as "inflicts," more than what is required for but-for or proximate causation. *See Zabawa*, 719 F.3d at 559–61 (so holding); *United States v. Jackson*, 310 F.3d 554, 557 (7th Cir.2002) (Easterbrook, J.) ("[d]oubtless 'inflict' is more restrictive than 'cause[.]'"). Since the term is undefined in the statute, *Zabawa* used the term's ordinary and best meaning: "to give by or as if by striking," such that the "person whose action was the direct physical cause of [the officer's injury], therefore, is the person who inflicted it for purposes of § 111(b)." *See id.* at 559-60. For these reasons set out in *Zabawa*, the Court should adopt *Zabawa*'s reading of "inflicts."

Adopting that reading, dismissal is mandated, as shown by *Zabawa*. There, the defendant lunged at a federal officer and started punching him, and the officer headbutted the defendant. During the "fight," the officer sustained a cut over his eye, and the officer testified at a bench trial "that he did not know whether the cut

4

happened when he headbutted Zabawa or when Zabawa punched him." 719 F.3d at 558. Writing for a unanimous panel, Judge Kethledge reversed the § 111(b) convictions for inflicting the injury, holding the evidence was insufficient because "the relevant facts [were] undisputed: the cut over Murphy's eye might have resulted from Murphy's own headbutt, rather than from a punch by Zabawa." *Id.* at 559. So, adopting the correct and restrictive reading of "inflicts," the Circuit concluded that "the government did not prove that Zabawa inflicted Murphy's laceration for purposes of § 111(b)." *Id.* at 561.

This case is essentially on all fours with *Zabawa*. Though in the context of a pretrial motion to dismiss, the facts material to dismissal are, as in *Zabawa*, undisputed. Jaime's vehicle moved ahead, which is the conduct the government characterizes as forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with the officers. *See* Bond Appeal Tr. at 10-11. Like the officer then responding to the punching in *Zabawa* with a headbutt, Agent Carl then broke the window in the midst of the truck's movement, cutting his own arm. *See* Def. Exh. 1 (Primary Body Cam) at 02:24 (filed with motion to suppress or dismiss). And unlike *Zabawa*, where the agent merely could not tell if his cut was caused by his headbutt or the defendant's punches, there can be no dispute that Carl caused his own cut by breaking the window. *See id.*

On the record, the government tried to head this argument off by resorting to the same type of mere causation argument that the government made in *Zabawa*: "If the defendant hadn't evaded in his motor vehicle, the injury wouldn't have happened.

5

It was the defendant's evading and resisting. Those acts caused the bodily injury." *See* Bond Appeal Tr. at 11. But this is exactly the type of mere causation argument that *Zabawa* rightly rejected when interpreting the more restrictive word, "inflicts." *See* 719 F.3d at 559 ("in [the government's] view, "inflict [ ]" as used in § 111(b) is synonymous with proximate cause, and Zabawa proximately caused all the injuries in the fight—because he started it.").

Instead of using the government's mere causation reading, this Court has already indicated agreement with Judge Kethledge's more restrictive reading of the statute in *Zabawa*:

> So how is it that if he had no authority to smash the window and he self-caused that window to be smashed, how is it that you're going to be able to prove that that was an intentional assault when that federal official committed the smashing of the window in the first instance?
>
> . . .
>
> [H]e caused the injury to himself by smashing the window in the first instance.

Bond Appeal Tr. 10-11.

Looking to the undisputed facts of the case as shown by the body cam video, the Court should adopt *Zabawa*'s reasoning, conclude the government cannot prove the charge beyond a reasonable doubt, and grant the motion to dismiss.

**ii) <u>Ambiguous intent.</u>** Though the above is sufficient for a dismissal (or for a judicial acquittal if the case proceeds to trial), there is another basis to dismiss: the unclear reason why the truck lurched forward. The relevant Fifth Circuit Pattern Jury Charge requires "[t]hat the defendant forcibly assaulted" [or resisted or opposed, etc.], and also—key here—that "the defendant did such acts *intentionally*." Pattern

6

Crim. Jury Instr. 5th Cir. 2.07 (2024) (emphasis added). The Court has already also pointed out this intent requirement to the government:

> **Government:** Your Honor, the pattern or guidelines for 111(b) do not require an intentional assault. What it requires is that –
>
> **Court:** Oh, it does require intentional assault.
>
> **Government:** The defendant resisted, impeded the arrest –
>
> **Court:** It's all intentional –

Bond Appeal Tr. at 11. The Court's view is reflected in the pattern jury charge.

However, it is unclear why the truck moved forward. The movement may well have been an accidental action. Or, far from being intentional, the movement may well have been an instinctive reactive response to the intense fear caused by the aggressive encounter. *See generally* Omavi Shukur, *Punishing Involuntary Resistance*, 113 Geo. L.J. 1 (2024) (opining that in resistance cases, the prosecution should prove the resistive act was voluntary and not an instinctive reaction caused by fear, rather consistent with the pattern's requirement of intentionality). In the end, the vehicle lurching forward was "an ambiguous act." *Miller v. United States*, 357 U.S. 301, 311 (1958) ("[T]he fact that petitioner attempted to close the door . . . was an ambiguous act. It could have been merely the expected reaction of any citizen having this experience at that hour of the morning, particularly since it does not appear that the officers were in uniform, . . . and the answer 'Police' was spoken 'in a low voice' and might not have been heard by the petitioner so far as the officers could tell."). The government cannot prove the driving was intentional.

**iii) <u>Knowledge of officer status.</u>** Providing a third basis to dismiss, the Pattern also states that the government must prove the defendant knew the victim was a federal officer, not a private citizen whose conduct justified defensive action:

> [T]he defendant would not be guilty of an assault if the evidence leaves you with a reasonable doubt as to whether the defendant knew the person to be a federal officer and only committed such an act because of a reasonable, good faith belief that the defendant needed to defend himself [herself] against an assault by a private citizen.

Pattern Crim. Jury Instr. 5th Cir. 2.07 (2024) (in Note, relying partly on *United States v. Feola*, 95 S. Ct. 1255, 1264 (1975), and *United States v. Alvarado*, 630 F. App'x 271, 274 (5th Cir. 2015)).

Here, though, many of the agents wore plain clothes, and they drove unmarked vehicles. And none wore traditional police officer uniforms; instead, they dressed in militaristic garb, sporting firearms, and came at Jaime to break his window to pull him from the truck. There is no indication Jaime could read any English that was written on any of their clothing or that he could understand any English that they spoke. On these facts, there is "reasonable doubt as to whether the defendant knew [Carl] to be a federal officer and only committed such an act because of a reasonable, good faith belief that the defendant needed to defend himself . . . against an assault by a private citizen." *Id.* The government cannot prove otherwise beyond a reasonable doubt.

**iv) <u>In sum.</u>** For any or all of these three reasons, the Court should dismiss. In ruling on this motion, the Court should weigh the inaccurate statements and omissions by law enforcement apparent in this case. These include the inaccurate

8

statements and omissions in the probable cause affidavit and the preliminary hearing testimony, as noted by the Court. *See* Bond Appeal Tr. at 31-32. And even after being admonished by the Court for inaccuracies, *see id.*, S/A Fuentes wrote in a report on 7/15/25 that Jaime had a final order of removal from an immigration judge—repeating the main inaccuracy that the Court had already admonished for.

## CONCLUSION

The Court should grant the motion. Jaime requests that the Court hold a consolidated hearing addressing this motion and his motion to suppress and dismiss for constitutional violations. In connection with this hearing, Jaime requests that the government disclose to defense counsel at least forty-eight hours prior to the hearing any statements (including grand jury testimony) of evidentiary hearing witnesses, under Federal Rule of Criminal Procedure 26.2. Jaime also asks that the government disclose any *Brady* or *Giglio* materials within this time frame. This request is made to avoid delays in conducting the hearing. Jaime requests the right to raise any other motions based on the facts and evidence that may arise during any evidentiary hearings in this case, as well as the right to file a supplemental brief more fully addressing the testimony given at the hearing and the applicable law.

        Respectfully submitted.

        MAUREEN SCOTT FRANCO
        Federal Public Defender

//s/ MARINA THAIS DOUENAT
Assistant Federal Public Defender
Western District of Texas
300 Convent Street, Suite 2300
San Antonio, TX 78205
Tel.:(210) 472–6700
Fax: (210) 472-4454
Bar Number: 00798310
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of July 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the AUSA of record.

/s/ MARINA THAIS DOUENAT
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIME ALBERTO QUINTANILLA-CHAVEZ | §<br>§<br>§<br>§<br>§<br>§<br>§     CAUSE NO. 5:25-cr-00388-XR |

**ORDER**

For the reasons Defendant has argued, the Court **GRANTS** Defendant's motion to dismiss. The charge is **DISMISSED WITH PREJUDICE**.

SO ORDERED on this the _____ day of _____, 2025.

_____
XAVIER RODRIGUEZ
United States District Judge

2